# EXHIBIT A

## Proposed Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLACK BUFFALO 3D CORPORATION | Case No. 25-12270 (TMH) |
| Debtor.[1] | **Re: D.I. _____** |

**ORDER (I) APPROVING PROCEDURE FOR THE DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE; (II) APPROVING FINAL PROFESSIONAL FEE PROCESS; AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") seeking entry of an order dismissing the Chapter 11 Case, as set forth more fully in the Motion; and the Court having reviewed the Motion and having heard statements of counsel regarding the relief requested in the Motion at a hearing before the Court (if any) (the "Hearing"); and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Black Buffalo 3D Corporation (5412). For purposes of this chapter 11 case, the Debtor's service address is 1071 Hudson Street, Union, NJ 07083.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. As soon as reasonably practical following payment of any remaining outstanding Professional Fees, the Debtor shall file a certification (the "Certification") substantially in the form of **Exhibit 1** attached hereto, requesting entry of an order dismissing the Chapter 11 Case substantially in form of **Exhibit A** attached to **Exhibit 1**.

3. This Order shall be effective and binding upon the Debtor and all other parties in interest.

4. All objections to the Motion or the relief requested therein that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are overruled on the merits.

5. The Final Fee Hearing shall be held on November 10, 2026 at 10:00 a.m. (prevailing Eastern Time). Any Final Fee Application shall be filed on or before October 16, 2026. Any objections or responses to a Final Fee Application shall be filed on or before November 6, 2026, at 4:00 p.m. (prevailing Eastern Time) (the "Fee Objection Deadline"), and shall be served on counsel to the Debtor, Ballard Spahr LLP, 222 Delaware Avenue, 10th Floor, Wilmington, DE 19801, Attn: Laurel D. Roglen (roglenl@ballardspahr.com) and Nicholas J. Brannick (brannickn@ballardspahr.com). If no objections or responses are filed by the Fee Objection Deadline, the Court may approve the Final Fee Application without further notice or hearing. Upon the Court's final approval, Professionals shall be entitled to one hundred percent (100%) of their requested fees and expenses or such other amounts as may be allowed by the Court and the Debtor must pay such amounts within five (5) business days.

6. Nothing contained in the Motion or this Order shall be construed to (a) create or perfect, in favor of any person or entity, any interest in cash of the Debtor that did not exist as of the Petition Date or pursuant to an order of the Court, or (b) alter or impair any security interest or perfection thereof, in favor of any person or entity, that existed as of the Petition Date.

7. Nothing herein shall create, nor is intended to create, any rights in favor of or enhance the status of any claim held by any party.

8. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and the requirements of Federal Rule 6004(a) and the Local Rules are satisfied by such notice.

9. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notwithstanding any provisions in the Bankruptcy Code or Federal Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.

# EXHIBIT 1

## Form of Certification

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLACK BUFFALO 3D CORPORATION | Case No. 25-12270 (TMH) |
| Debtor.[1] | **Re: D.I. _____** |

**CERTIFICATION OF COUNSEL REGARDING ORDER (I) APPROVING PROCEDURE FOR THE DISMISSAL OF THE DEBTOR'S CHAPTER 11 CASE; (II) APPROVING FINAL PROFESSIONAL FEE PROCESS; AND (III) GRANTING RELATED RELIEF**

The undersigned hereby certifies that, on September 15, 2026, the above-captioned debtor and debtor in possession (the "Debtor") filed the *Debtor's Motion for Entry of an Order (I) Approving Procedure for the Dismissal of the Debtor's Chapter 11 Case, (II) Approving Final Professional Fee Process; and (III) Granting Related Relief* [D.I. [•]] (the "Dismissal Motion"). The undersigned further certifies that on [•], 2026, the Court entered an order granting the Dismissal Motion [D.I. [•]] (the "Order").[2]

Upon information and belief, the undersigned further certifies that all unpaid Professional Fees have been paid in full, and that all conditions to the dismissal of the Chapter 11 Case, as set forth in the Order, have been satisfied. Accordingly, pursuant to the Order, the Debtor requests entry of the proposed order attached hereto as **Exhibit A** dismissing the Chapter 11 Case.

[*Signature page follows*]

---

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Black Buffalo 3D Corporation (5412). For purposes of this chapter 11 case, the Debtor's service address is 1071 Hudson Street, Union, NJ 07083.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to such terms in the Order.

Dated: __________, 2026
Wilmington, Delaware

**BALLARD SPAHR LLP**

*/s/* ________________________________
Laurel D. Roglen (No. 5759)
Nicholas J. Brannick (No. 5721)
222 Delaware Avenue, 10th Floor
Wilmington, DE 19801-3034
Telephone: (302) 252-4465
E-mail: roglenl@ballardspahr.com
E-mail: brannickn@ballardspahr.com

*Counsel to the Debtor and Debtor in Possession*

# EXHIBIT A

## Form of Dismissal Order

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re: | Chapter 11 |
| BLACK BUFFALO 3D CORPORATION | Case No. 25-12270 (TMH) |
| Debtor.[1] | **Re: D.I. _____** |

**ORDER DISMISSING THE DEBTOR'S CHAPTER 11 CASE**

Upon the motion (the "Motion")[2] of the above-captioned debtor and debtor in possession (the "Debtor") seeking entry of an order dismissing the Chapter 11 Case, as set forth more fully in the Motion and the *Order (I) Approving Procedure for the Dismissal of the Debtor's Chapter 11 Case; (II) Approving Final Professional Fee Process; and (III) Granting Related Relief* [D.I. [•]] approving the procedures requested in the Motion; and upon the *Certification of Counsel Regarding Order (I) Approving Procedure for the Dismissal of the Debtor's Chapter 11 Case; (II) Approving Final Professional Fee Process; and (III) Granting Related Relief* [D.I. [•]]; and the Court having jurisdiction to consider the Motion and the relief requested therein in accordance with 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated February 29, 2012; and consideration of the Motion and the relief requested therein being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and venue being proper in this district pursuant to 28 U.S.C. §§ 1408 and 1409; and

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is Black Buffalo 3D Corporation (5412). For purposes of this chapter 11 case, the Debtor's service address is 1071 Hudson Street, Union, NJ 07083.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Motion.

due and sufficient notice of the Motion having been given; and it appearing that the relief requested by the Motion is in the best interests of the Debtor's estate, its creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

**IT IS HEREBY ORDERED THAT:**

1. The Motion is GRANTED as set forth herein.

2. The above-captioned Chapter 11 Case is dismissed, effective immediately.

3. The Clerk of this Court shall (a) reflect the dismissal of the Chapter 11 Case on the docket of the Debtor's case and (b) close the Chapter 11 Case.

4. Notwithstanding section 349 of the Bankruptcy Code, all orders, releases, stipulations, settlements, rulings, and judgments of this Court made during the course of this Chapter 11 Case, including, without limitation, the Sale Order, shall remain in full force and effect, shall be unaffected by the dismissal of the Chapter 11 Case, and are specifically preserved for purposes of finality of judgment and *res judicata*.

5. The right of the Debtor to file future petitions for relief under chapters 7 or 11 of the Bankruptcy Code is preserved to the fullest extent allowed by, among other sections, section 349 of the Bankruptcy Code.

6. The retention of the Professionals, upon entry of this Order, shall be terminated without the need for further action on the part of this Court, the Debtor, or such other firms other than to take such actions as set forth in paragraph 7 below.

7. The Debtor shall be deemed dissolved pursuant to applicable state law, without the need for further action by the Debtor or the Court and without the need for further corporate action, including by the board of directors of the Debtor. Any officer of the Debtor is authorized to execute

and file on behalf of the Debtor any documents necessary and proper to effectuate and consummate the dissolution of the Debtor in accordance with applicable state law.

8. Within thirty (30) days after entry of this Order, the Debtor shall (i) file all outstanding monthly operating reports through the date of this Order; (ii) file all outstanding reports required by Bankruptcy Rule 2015.3 through the date of this Order, and (iii) pay all quarterly fees due and owing in this Chapter 11 Case to the Office of the United States Trustee pursuant to 28 U.S.C. § 1930, including those for the quarter in which this Order is entered.

9. The Debtor is authorized and empowered to take all actions necessary to effectuate the relief granted in this Order in accordance with the Motion.

10. Notwithstanding any provisions in the Bankruptcy Code or Bankruptcy Rules to the contrary, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Order.