**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>BLACK BUFFALO 3D CORPORATION<br><br>Debtor.[1] | Chapter 11<br><br>Case No. 25-12270-TMH<br><br>**Re: D.I. 139 & 141** |

**ORDER GRANTING SECOND INTERIM FEE APPLICATION (FOR THE PERIOD MAY 1, 2026 THROUGH OCTOBER 15, 2026) AND FINAL FEE APPLICATION OF BALLARD SPAHR LLP, AS COUNSEL FOR THE DEBTOR AND DEBTOR IN POSSESSION, FOR ALLOWANCE OF COMPENSATION AND FOR REIMBURSEMENT OF ALL ACTUAL AND NECESSARY EXPENSES INCURRED FOR THE PERIOD DECEMBER 24, 2025 THROUGH OCTOBER 15, 2026**

Upon consideration of the *Second Interim Fee Application (for the Period May 1, 2026 through October 15, 2026) and Final Fee Application of Ballard Spahr LLP, as Counsel for the Debtor and Debtor in Possession, for Allowance of Compensation and for Reimbursement of All Actual and Necessary Expenses Incurred for the Period December 24, 2025 through October 15, 2026* (the "Application")[2] of Ballard Spahr LLP ("Ballard Spahr"), as counsel for the above-captioned debtor and debtor in possession (the "Debtors"), for (i) allowance of reasonable compensation for professional services rendered by Ballard Spahr to the Debtor for the period of May 1, 2026 through October 15, 2026 (the "Interim Period"); (ii) reimbursement of actual and necessary expenses incurred by Ballard Spahr during the Interim Period; (iii) final allowance of reasonable compensation for professional services rendered by Ballard Spahr to the Debtor for the period of December 24, 2025 through October 15, 2026 (the "Final Period"); and (iv) final

[1] The Debtor in this case, along with the last four digits of the Debtor's federal tax identification number, is: Black Buffalo 3D Corporation (5412). For purposes of this chapter 11 case, the Debtor's service address is: 1071 Hudson Street, Union, NJ 07083.

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Application.

reimbursement of actual and necessary expenses incurred by Ballard Spahr during the Final Period; and the Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012; and this Court being able to issue a final order consistent with Article III of the United States Constitution; and venue in this district being proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this matter being a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that the services rendered and expenses incurred during the Interim and Final Periods were reasonable and necessary; and this Court having found that proper and adequate notice of the Application and the relief requested therein has been provided in accordance with the Bankruptcy Rules and Local Rules; and objections (if any) to the Application having been withdrawn, resolved, or overruled on the merits; and a hearing (if any) having been held to consider the relief requested in the Application and upon the record of the hearing and all of the proceedings before this Court; and the legal and factual bases set forth in the Application establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**IT IS HEREBY ORDERED THAT:**

1. The Application is **GRANTED** as set forth herein.

2. Ballard Spahr is granted interim allowance of compensation and reimbursement of expenses in the amount of $152,985.41 for actual, reasonable, and necessary professional services rendered on behalf of the Debtor during the Interim Period (the "Interim Fee Amount"), equal to the sum of 100% of Ballard Spahr's requested compensation, and 100% of Ballard Spahr's requested expense reimbursement.

3. Ballard Spahr is granted final allowance of $405,589.08 for actual, reasonable, and necessary professional services rendered on behalf of the Debtor during the Final Period, equal to the sum of 100% of Ballard Spahr's requested compensation, and 100% of Ballard Spahr's requested expense reimbursement (inclusive of the Interim Fee Amount, the "Final Approved Fee Amount").

4. The Debtor is authorized and directed to pay the Final Approved Fee Amount, less any amounts previously paid, within five (5) business days of this Order.

5. Notice of this Application as provided therein shall be deemed sufficient notice of such Application, and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

6. Notwithstanding any provision in the Bankruptcy Rules to the contrary, this Order shall be immediately effective and enforceable upon its entry.

7. This Court shall retain jurisdiction with respect to any matters, claims, rights or disputes arising from or related to the Application or the implementation of this Order.

Thomas M. Horan

**Dated: November 10th, 2026**
**Wilmington, Delaware**

**THOMAS M. HORAN**
**UNITED STATES BANKRUPTCY JUDGE**